**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 09-14057-CR-GRAHAM/LYNCH**

**UNITED STATES OF AMERICA,**

      **Plaintiff,**

v.

**AWNI S. ABDALLAH,**

      **Defendant.**

_____/

FILED by _____ D.C.

AUG − 5 2010

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - FT. PIERCE

## REPORT AND RECOMMENDATION ON
## APPROPRIATENESS OF COUNSEL'S CJA VOUCHER
## FOR ATTORNEY'S FEES [VOUCHER #FLS 09-1760]

**THIS CAUSE** having come on to be heard upon the aforementioned CJA Voucher as referred by the District Court and this Court having reviewed the voucher, the submissions in support thereof filed by Edward D. Reagan, Esquire, as attorney for the Defendant Awni S. Abdallah, as well as a copy of Mr. Reagan's letter to the U. S. District Court's CJA Desk explaining the underlying nature of the case, and this Court otherwise being advised in the premises recommends to the District Court as follows:

1.    Counsel for the Defendant seeks reimbursement of $14,725.00 as reasonable attorney's fees for the hours expended as more particularly set forth in the CJA voucher at the rate of $125 an hour. Additionally, Mr. Reagan seeks reimbursement of travel costs in the amount of $875.00 which are set forth in the attachment to the CJA voucher.

2.    This Court has reviewed the voucher as well as the attachments submitted by Mr. Reagan as referenced above. This Court has reviewed the docket sheet and is familiar with this case based upon having handled the pretrial matters. It is not necessary to conduct an evidentiary hearing based upon this Court's familiarity with this case.

Additionally, this is an administrative decision as opposed to an adversarial proceeding as delineated in United States v. Griggs, 240 F.3d 974 (11th Cir. 2001).

3.      The attorney's fees sought by Mr. Reagan exceed the statutory cap set forth in 18 U.S.C. §3006A(d)(3).  Therefore, this Court must determine whether this matter is "extended" or "complex" as defined in the statute.  Extended is defined as a case requiring more time than normal.  A complex case is defined as one involving facts unusual so as to justify expenditure of more time, skill and effort than normal.

4.      The Defendant was charged by Indictment with one count of conspiracy to possess with intent to distribute more than five kilograms of cocaine hydrochloride. According to Mr. Reagan's letter attached to the CJA voucher, there was another case pending against the Defendant in the West Palm Beach Division of this Court where this Defendant was represented by private counsel. Mr. Reagan's letter indicates that he was required to review the discovery in that case along with this present case and attempt to coordinate both of those matters with the Defendant's privately retained counsel.  This case was resolved by entry of a plea before Judge Graham on March 5, 2010, and the Defendant was sentenced on May 28, 2010.

5.      In reviewing the time records, this Court cannot find any time entries or tasks which appear to be unnecessary or which took more time than should normally be required. It is a shock to this Court that a case where counsel was appointed on January 15, 2010 and the Defendant sentenced approximately four and one-half months later, that the attorney's fees would exceed $14,000. However, this Court understands Mr. Reagan's explanation that he had to review matters involving the other defendant's case based upon the government's notice filed in this matter that certain 404(b) evidence could be

2

introduced against the Defendant in this proceeding. Apparently that 404(b) evidence were acts emanating from the Defendant's case pending at the same time in the West Palm Beach Division of this Court. This Court also notes there was extensive travel back and forth to Fort Pierce where the Defendant was being housed. Certainly, this Court understands the necessity for that travel for Mr. Reagan to consult with his client on various matters as the case proceeded.

6.      This Court cannot find that this case is extended as defined in the case law referenced above. Mr. Reagan became involved in this case based upon this Court's appointment on January 15, 2010. The case was completely resolved by way of entry of a plea and the Defendant was sentenced on May 28, 2010. To this Court's view, this case would not fit within the definition of being an extended representation.

7.      In determining whether or not the matter is complex, this Court must look at the underlying charges with which the Defendant was indicted as well as the associated discovery in the other case pending against this Defendant simultaneously in the West Palm Beach Division of this Court. As stated previously, this Court can find no unnecessary tasks or time devoted to those tasks which should be deducted. All of the tasks performed appear to this Court to be reasonable and necessary in light of the underlying nature of this case as well as the simultaneous prosecution in the West Palm Beach Division of this Court. Since no time can be deducted by this Court in good faith, this Court finds that Mr. Reagan should be fully compensated for the time he has devoted to representing the Defendant in this case.

**ACCORDINGLY**, this Court recommends to the District Court that the CJA Voucher #FLS 09-1760 be **GRANTED** and that Mr. Reagan be awarded the sum of $14,725.00 as

3

reasonable attorney's fees together with costs in the amount of $875.00, for a total sum of $15,600.00.

The parties shall have fourteen (14) days from the date of this Report and Recommendation within which to file objections, if any, with the Honorable Donald L. Graham, the United States District Judge assigned to this case.

**DONE AND SUBMITTED** this _____ day of August, 2010, at Fort Pierce, Northern Division of the Southern District of Florida.

FRANK J. LYNCH, JR.
UNITED STATES MAGISTRATE JUDGE

Copies furnished:
Hon. Donald L. Graham
Edward D. Reagan, Esq.
Lucy Lara, CJA Administrator

4